UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-24640-CIV-HOEVELER

KELVIN PACE,

    Plaintiff,

v.

UNITED STATES OF AMERICA
FEDERAL BUREAU OF PRISONS,

    Defendant.
_____/

**CLOSED CIVIL CASE**

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

THIS CAUSE comes before the Court on the Report of the Magistrate Judge, filed April 3, 2012, recommending that this case be dismissed for failure to state a claim. Plaintiff filed an Objection to the Report and Recommendation, arguing that this Court's dismissal of Plaintiff's prior case brought as a <u>Bivens</u> action cannot serve as *res judicata* for his present Federal Tort Claims Act (FTCA) case, as Plaintiff did not proceed (nor could he have) against the Bureau of Prisons in his <u>Bivens</u> case. According to Plaintiff, as the present case is his first action against the Bureau of Prisons, he should be permitted to proceed.

Plaintiff's present complaint includes three causes of action: deliberate indifference to Plaintiff's "well being" related to an alleged assault on December 15, 2010, deliberate indifference to Plaintiff's "well being" related to an alleged assault on March 10, 2011, and a negligent failure to properly train employees which resulted in

1

injury to Plaintiff. Plaintiff's first and second claims allege that the Defendant (acting through its employees) was deliberately indifferent, i.e., an Eighth Amendment violation and, as such, are not permissible under the FTCA, as the FTCA does not authorize constitutional claims against the United States. FDIC v. Meyer, 510 U.S. 471, 477-80 (1994); see also Hope v. Bureau of Prisons, 2012 U.S. App. LEXIS 6785 (11th Cir. April 5, 2012).

Plaintiff's third claim, of negligence relating to the training of the Defendant's employees in the use of force, presents a different issue. Plaintiff's previous suit against the Defendant's employees individually as to the December 2010 incident was dismissed by this Court as having been untimely filed, see Case No. 11-20014-CV-Hoeveler, and was not appealed. Plaintiff also previously sued the Defendant's employees individually as to the March 2011 incident, alleging violations under 42 U.S.C. § 1983, and that case was dismissed for failure to exhaust administrative remedies, see Case No. 11-21089-CV-Ungaro, and no appeal was filed.

Neither of these two previously filed cases included a claim against the Bureau of Prisons; however, the Court finds that an action against the individual defendants is sufficiently related to an action against the Bureau of Prisons for the purposes of *res judicata* analysis, i.e., the parties are in privity, as the individual employees adequately represented their employers' interest in the prior proceeding. Nor did the two previously filed cases include a claim specifically for negligent training; however, the Court finds that the claim in the present case involves the same nucleus of operative facts: the assault and the conditions at the time. Plaintiff claims that the Defendant's failure to properly train its employees in the use of force resulted in Plaintiff suffering multiple traumas - clearly, the facts related to the present claim

2

were directly at issue in the prior cases alleging damages as a result of those traumas.

Having reviewed the Complaint, the Magistrate Judge's Report, and Plaintiff's Objection thereto, and based upon that review, it is

ORDERED AND ADJUDGED that the Report and Recommendations be adopted by this Court, consistent with the above discussion. This FTCA case is dismissed.

DONE AND ORDERED in Miami, Florida, this 7th day of August 2012.

*[signature: Wm M Hoeveler]*
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

copies to:
  Magistrate Judge White
  Kelvin Pace, Reg. No. 69396-004
      FCI - JESUP, 2680 Highway 301 South
      Jesup, GA 31599
  Stephanie Fidler